Smith, J.
A majority of the court is of the opinion that it very clearly appears from the bill of exceptions in the case which sets out all of the evidence taken on the trial of the case in the court of common pleas, that at the time of the assignment of the claim sued on, by Howland to DeGolia & Webster, the plaintiffs below, the defendant Farrin, had an existing claim against Howland in the nature of a set-off or *662 counter-claim to an amount far exceeding the claim assigned by Howland to DeGolia & Webster, and sued on in this case, and that under the provisions of section 5077, Revised Statutes, the two demands, notwithstanding the assignment of his claim by Howland, must be deemed compensated so far as they equal each other.
Marsh & Ritchie, for Plaintiff in Error.
Gobb & Howard, for Defendant in Error.
Some discredit is thrown upon the assertion of this claim by Farrin by the fact, which appears, that he had on various occasions, after the assignment of the claim by Howland to DeGolia & Webster, acknowledged the justice of it, and perhaps promised to pay it, and did not assert his counter-claim or set-off. But we think his explanation of this is satisfactory, viz., that he did not know that he could assert his claim against Howland, against his assignees, to satisfy their claim, until so advised by his attorney long afterwards. There is no pretense that DeGolia & Webster were led to purchase the claim from Howland on the faith of any of these statements or admissions of Farrin, and there is therefore no estoppel.
We think the verdict was against the manifest weight of the evidence, and that the court erred in refusing to grant a new trial..
The judgment will be reversed, and the cause remanded to the court of common pleas for a new trial.
Judge Swing dissents.